# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **DEANDRE CREITTENDEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | 8:15CV427 |
| **CITY OF OMAHA, a political** | ) | |
| **subdivision, and PAUL HASIAK,** | ) | **ORDER** |
| **both individually and officially as an** | ) | |
| **officer of the Omaha Police** | ) | |
| **Department,** | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter comes before the court on Defendants' Motion to Compel Initial Disclosures (Filing No. 30). Plaintiff did not file a response to this motion.

On June 7, 2016, after reviewing the parties' Rule 26(f) planning report, the court entered an initial progression order directing all parties to serve the mandatory disclosures described in Fed. R. Civ. P. 26(a)(1) by July 8, 2016. (Filing No. 28). Defendants state they have not received Plaintiff's mandatory disclosures nor has Plaintiff's counsel responded to emails regarding the status of Plaintiff's mandatory disclosures. After attempting to confer with Plaintiff, Defendants filed the instant motion to compel pursuant to Fed. R. Civ. P. (a)(3)(A), which provides, "If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Defendants certified that, prior to filing this motion, they made good faith efforts to confer with Plaintiff regarding the failure to file his mandatory disclosures. (Filing No. 30); See Fed. R. Civ. P. 37(a)(1). Plaintiff did not respond to Defendants' emails, filed no response to this motion to compel, and has not requested an extension of time to serve the mandatory disclosures. In consideration of the above, the court finds Defendants' motion to compel should be granted. Plaintiff is ordered to make his mandatory disclosures pursuant to Rule 26(a)(1) and the initial progression order.

1

Defendants also request appropriate sanctions, including reasonable attorney fees, associated with filing the instant motion. Fed. R. Civ. P. 37(a)(5)(A) provides that if a motion to compel disclosure or discovery is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Attorney's fees and costs are not awarded if "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.* Defendants' counsel certifies she attempted in good faith to obtain Plaintiff's mandatory disclosures from Plaintiff's counsel before filing the present motion. Plaintiff's failure to serve his mandatory disclosures required Defendant to file a motion to compel. The court shall, after Plaintiff has a chance to respond, grant Defendants reasonable expenses for filing such motion, unless Plaintiff shows substantial justification for the failure to provide the disclosures or other circumstances make an award of expenses unjust. See Fed. R. Civ. P. 37(a)(5). Accordingly,

**IT IS ORDERED:**

1. Defendants' Motion to Compel Initial Disclosures (Filing No. 30) is granted.

2. Plaintiff shall have until August 26, 2016, to serve his Rule 26(a)(1) mandatory disclosures on Defendants and to file certification of the service pursuant to NECivR 26.1.

3. Plaintiff shall have until August 26, 2016, to show cause why sanctions, including the award of attorneys' fees under Rule 37 should not be imposed.

**DATED: August 8, 2016.**

2

**BY THE COURT:**

**s/ F.A. Gossett
United States Magistrate Judge**