IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **DEANDRE CREITTENDEN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **8:15CV427** |
| **CITY OF OMAHA, a political** ) | |
| **subdivision, and PAUL HASIAK,** ) | **ORDER** |
| **both individually and officially as an** ) | |
| **officer of the Omaha Police** ) | |
| **Department,** ) | |
| ) | |
| **Defendants.** ) | |

This matter is before the court *sua sponte* following the court's August 8, 2016, order on Defendants' motion to compel (Filing No. 31). In its order, the court directed Plaintiff to show cause why sanctions should not be imposed for the failure to serve his Rule 26(a)(1) mandatory disclosures.

In response to the court's order, on August 26, 2016, counsel for Plaintiff filed an affidavit (Filing No. 33) and a certificate of service (Filing No. 32) certifying that Plaintiff's initial disclosures were served on Defendants' counsel on July 18, 2016. Plaintiff's disclosures were untimely and served on the same date Defendants filed their motion to compel. However, Plaintiff's counsel avers that his client is in prison at Omaha Community Corrections and therefore counsel was unable to review the disclosures with Plaintiff. Additionally, because Plaintiff is in prison, he is unable to pay reasonable attorney's fees. Pursuant to Fed. R. Civ. P. 37(a)(5)(A)(iii), attorney's fees and costs associated with a successful motion to compel are not awarded if "other circumstances make an award of expenses unjust." Although Plaintiff did not timely serve his mandatory disclosures, under the circumstances, the court finds an award of attorney's fees and expenses is not merited. The court therefore denies Defendants' request for attorney's fees.

1

**IT IS SO ORDERED.**

**DATED: August 30, 2016.**

        **BY THE COURT:**

        **s/ F.A. Gossett**
        **United States Magistrate Judge**