IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DEANDRE CRITTENDEN, | ) | CASE NO. 8:15CV427 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **BRIEF IN SUPPORT OF** |
| v. | ) | **DEFENDANT'S MOTION** |
| | ) | **IN LIMINE** |
| PAUL HASIAK., | ) | |
| | ) | |
| Defendant. | ) | |

**PRELIMINARY STATEMENT**

This Brief is submitted in support of the Defendant's Motion in Limine seeking to exclude any testimony of, or reference to, Plaintiff's proposed exhibits in this action; specifically, complaints filed or made against Defendant not arising out of the current lawsuit or any outcome of any complaint made against Defendant, to wit, complaint and judgment in Case No. 8:11cv128.

**BACKGROUND/FACTS**

Plaintiff filed this civil rights lawsuit against an Omaha Police officer as a result of a shooting that occurred on November 21, 2013. The City of Omaha has been dismissed pursuant to a Motion for Summary Judgment. The only issue for the jury at trial is whether the Defendant's use of deadly force was reasonable in light of the circumstances he faced at the time of the contact with the Plaintiff. This Court is aware of the facts previously set forth in the Motion for Summary Judgment.

Plaintiff has indicated on his proposed Exhibit List that he will offer or attempt to elicit testimony regarding another lawsuit in which Officer Hasiak was accused of excessive force. That case is entitled Tyrone Patterson v. City of Omaha, et al, 8:11cv128. Therefore, it is apparent that the Plaintiff will attempt to use this information to mislead the jury, build unfair prejudice, and

receive a verdict based on inequitable, unreliable, and unjustified grounds. An order in limine can prevent this injustice.

## ARGUMENT

### I.
### EVIDENCE OF OTHER "BAD ACTS" IS NOT ADMISSIBLE

Plaintiff seeks to admit evidence of a previous civil complaint against Defendant and the $1.00 nominal damage award that was issued by a jury in Case No. 8:11cv128, *Tyrone Patterson v. City of Omaha, et al*.

Evidence of any prior complaints involving the Defendant must be excluded under Fed. R. Evid. 404(b). Evidence of prior misconduct, or allegations of prior misconduct, is inadmissible to prove character by showing that a person acted in conformity therewith. Although such evidence may be admissible to prove motive, opportunity, intent, or identity, none of those issues are present in this situation. In order to be admissible under 404(b), the evidence of a prior bad act must satisfy the following four-part test:

1.) The evidence of the bad act or other crime is relevant to a material issue at trial;

2.) The bad act or crime is similar in kind and reasonably close in time to the crime charged;

3.) There is a preponderance of evidence to support a jury finding that the defendant committed the other act or crime; and

4.) The evidence is more probative than prejudicial.

*McCarthy*, 97 F.3d at 1572; *Duckworth v. Ford*, 83 F.3d 999, 1001 (8th Cir. 1996). Those tests cannot be met here.

The issue of prior misconduct often arises in the context of civil rights lawsuits brought against police officers. Almost without exception, evidence of prior police officer misconduct has been precluded either under Rule 404(b) or Rule 403 (see below). e.g., *Watkins v. Schriver*, 52 F.3d 769, 772 (8th Cir. 1995) (evidence of police misconduct not admissible against individual officers), *Hopson v. Fredericksen*, 961 F.2d 1374, 1379 (8th Cir. 1992) (prior allegations of abuse excluded where arrestee alleged excessive force), *Donald v. Rast*, 927 F.2d 379, 381 (8th Cir. 1991) (reprimands against officer for untruthfulness excluded where plaintiff alleged that officer falsified breathalyzer test); *Vukadinovich v. Zenatz*, 995 F.2d 750, 755-56 (7th Cir. 1993) (prior complaints, newspaper articles, copies of actions against the City, and departmental investigation reports were excluded where defendant claimed police conspired to deny him his constitutional rights).

First, the prior complaint is not relevant to the claims in this lawsuit and, even if relevance could be established, the prior case is not sufficiently similar in kind nor reasonably close in time to the Plaintiff's arrest. The incident involving Mr. Patterson took place on April 13, 2009 and was not a shooting case. In the Patterson case, officers were called to the home of Mr. Patterson's mother, by his mother, because he would not leave. When the officers attempted to remove Mr. Patterson, Officer Hasiak and another female officer ended up engaging in a wrestling match of sorts. There was no gun; in fact, no weapon of any kind was deployed in the Patterson case.

In addition, admission of the evidence would require the defendant officers to present rebuttal evidence that would amount to a retrial of the previous case, causing undue delay and waste of resources and time. In another excessive force case, *Soller v. Moore*, 84 F.3d 964 (7th Cir. 1996), the court excluded evidence of a similar incident involving the police officer two years prior when the officer was exonerated of any wrongdoing. The circuit court held that the district court was within in its discretion in excluding the evidence because if evidence of the prior act had been admitted it

would have resulted in a retrial of that incident, and "all sorts of irrelevancies could have conceivably crept into the case. . . ." *Id.* at 968.

The dangers of unfair prejudice, confusion of issues, misleading the jury, and wasting time all weigh heavily in favor of precluding the admission of discipline for this event, investigations of this event or others, prior complaints, and employment policies setting out how this particular police department desires its officers to perform. The implications that can arise from that evidence and prejudice these defendants are unwarranted and unfair.

Finally, evidence of prior misconduct is only admissible for purposes of municipal liability in *Monell* actions. *Watkins v. Schriver*, 52 F.3d 769, 772 (8th Cir. 1995), see also *Allen v. City of Los Angeles*, 2012 WL 1641712, at *3 (C.D. Cal. May 7, 2012)

## II.

### ANY EVIDENCE OF "BAD ACTS" IS UNDULY PREJUDICIAL

Federal Rule of Evidence 401 provides that only relevant evidence can be admitted before the jury. Relevant evidence is defined to be only that evidence which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." Fed. R. Evid. 401. To be relevant, the evidence must "advance the inquiry." 1 J. Weinstein & M. Berger, *Weinstein's Federal Evidence* § 401.04[2][b].

Not all relevant evidence should be admitted into the record and exposed to a jury. Evidence Rule 403 requires exclusion of relevant evidence if "its probative value is substantially outweighed by a danger of ... unfair prejudice, confusing the issues, [or] misleading the jury." Fed.R.Evid. 403.

The Ninth Circuit considered whether a disciplinary proceeding against a police officer was admissible in a plaintiff's § 1983 claim in *Maddox v. City of Los Angeles,* 792 F.2d 1408 (9th Cir. 1986). The court first found that admitting any disciplinary proceeding had little probative value because, during the trial, the jury was privy to other evidence to determine the reasonableness of the officer's conduct. *Id.* at 1417. More importantly, the prejudicial effect was "arguably great" because "[t]he jury might have inferred that [the defendant officer] was guilty of wrongdoing merely because the Police Department conducted disciplinary proceedings," or "[t]he jury might have given unfair or undue weight to this evidence or they might have been confused as to the relevance of this evidence." *Id.* at 1417–18.

Similarly, with regard to prior civil lawsuits, the prejudicial effect if Plaintiff's evidence is admitted is great because the jury may believe that Officer Hasiak is guilty of wrongdoing in this case merely because the jury awarded Mr. Patterson $1.00 nominal damages in another case in which Officer Hasiak was present. The jury may well give unfair or undue weight to that evidence or they may be confused as to the relevance to that evidence in this case.

Again, the relevant is non-existent in this case because there are no claims against the City that remain after Summary Judgment.

The only remedy to prevent this unfair prejudice and inefficient distraction is to grant Defendant's Motion in Limine and exclude all evidence regarding the Patterson case.

### **SUMMARY**

Plaintiff can make no showing that the testimony or proffered exhibits are relevant to a material issue in this trial. The evidence will only mislead the jury, suggest an improper basis for

decision, and lead to an injustice. Consequently, admitting the evidence enumerated above would be improper and an Order barring any reference to the Patterson case must be entered before trial.

Respectfully submitted ,

By: s/ Michelle Peters
MICHELLE PETERS, NO.20021
Deputy City Attorney
1819 Farnam Street, Suite 804
Omaha, NE 68183
Telephone: (402) 444-5115
Fax: (402) 444-5125
Michelle.peters@cityofomaha.org

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of November, 2017, I filed the foregoing **BRIEF IN SUPPORT OF MOTION IN LIMINE** with the Clerk of the Court using the CM/ECF system, which is to send notification of such filing to all attorneys registered with the CM/ECF system.

s/ Michelle Peters