FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2017 NOV 27 PM 4: 23

OFFICE OF THE CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DEANDRE CRITTENDEN, | Case No. 8:15CV427 |
| Plaintiff, | |
| vs. | **ORDER ON FINAL PRETRIAL CONFERENCE** |
| PAUL HASIAK, | |
| Defendant. | |

A final pretrial conference was held on the 27th day of November, 2017. Appearing for the parties as counsel were: Judith Wells and William Harris for Plaintiff and Michelle Peters for Defendant.

**(A)** **Exhibits.** See attached Exhibit Lists.

Caution: Upon express approval of the judge holding the pretrial conference for good cause shown, the parties may be authorized to defer listing of exhibits or objections until a later date to be specified by the judge holding the pretrial conference. The mere listing of an exhibit on an exhibit list by a party does not mean it can be offered into evidence by the adverse party without all necessary evidentiary prerequisites being met.

**(B)** **Uncontroverted Facts.** The parties have agreed that the following may be accepted as established facts for purposes of this case only:

1. Deandre Crittenden is an individual and resident of Omaha, Douglas County, Nebraska.

2. Paul Hasiak is a sworn officer of the Omaha Police Department and was so employed at all relevant times relating to this lawsuit.

3. At all material times, the actions of Officer Paul Hasiak was taken or made under the color of state law.

4. On November 21, 2013, Officer Paul Hasiak and Officer Eric Meads were on routine uniform patrol in a marked police cruiser in the area of 44th and Pratt Streets in Omaha, Nebraska in a marked Omaha Police Department cruiser.

5. At approximately 8:00 p.m., Officer Meads was driving the cruiser and Officer Hasiak was in the passenger seat in the area of 44th and Pratt Streets when they heard several gunshots being fired in that area

6. Plaintiff, distraught over the suicide and funeral of his brother, was driving through the neighborhood firing off rounds from an unregistered .45 caliber handgun as a "21 gun salute" in honor of his brother.

7. As the officers pulled up to a stop sign at 44th and Pratt Streets, they observed a black Chevrolet Tahoe with the driver's side window down which they viewed as suspicious because it was cold and snowing.

8. Officer Meads turned west onto Pratt to see if they could observe any damaged property or injured persons. Seeing none, the officers decided to follow the Tahoe.

9. Officers Meads and Hasiak's cruiser caught up to the Tahoe on 44th Street as it turned onto Ruggles Street.

10. Officer Meads initiated a traffic stop using the overhead lights and the SUV pulled over to the curb in front of 4419 Ruggles Street.

11. The driver, Deandre Crittenden, jumped out of the SUV with a "UZI" styled handgun with a long magazine in his right hand and fled from the officers in a West direction.

12. Plaintiff disobeyed the lawful orders of the police to stop and drop the weapon.

13. Officers Meads and Hasiak engaged in a foot pursuit following Plaintiff over a chain link fence, through backyards and alleyways.

14. Plaintiff ended up at the driveway of 3915 N. 44th Street where he attempted to get rid of his gun by throwing it on the roof of the house at that location.

15. Plaintiff pled guilty to Terroristic Threats (Class IV Felony); Possession of a Deadly Weapon (Class II Felony); and Possession of a Deadly Weapon by a Prohibited Person (Class ID Felony), and was sentenced to 5 years in state prison.

16. Plaintiff spent several weeks in the hospital and the City paid $103,614 for his medical care during that time.

17. Plaintiff does not have out-of-pocket expenses for medical care relating to the gunshot wounds sustained on November 21, 2014.

**(C) Controverted and Unresolved Issues.** The issues remaining to be determined and unresolved matters for the court's attention are:
1. Whether Defendant deprived Plaintiff of rights secured to him by the Fourth and Fourteenth Amendments to the United States Constitution by the use of excess force against him;
2. Whether and in what amount Plaintiff suffered damages proximately caused by the use of excessive force against him.
3. Whether under 42 U.S.C. § 1988 Plaintiff is entitled to an award of attorney fees in the event he is a prevailing party.

**(D) Witnesses.** All witnesses, including rebuttal witnesses, expected to be called to testify by plaintiff, except those who may be called for impeachment purposes as defined in NECivR 16.2(c) only, are:

1. Plaintiff
2. Ofr. Paul Hasiak, 505 South 15th Street, Omaha, NE
3. Ofr. Eric Meads, 505 South 15th Street, Omaha, NE
4. Brandon Crittenden, address unknown
5. Dietrick Crittenden, 4275 N. 41st Street, Omaha, NE
6. Any individual listed by Defendant
7. Any individuals that may be needed for impeachment

All witnesses expected to be called to testify by defendant, except those who may be called for impeachment purposes as defined in NECivR 16.2(c) only, are:

1. Ofr. Paul Hasiak (will call), 505 South 15th Street, Omaha, NE
2. Ofr. Eric Meads (will call), 505 South 15th Street, Omaha, NE
3. Plaintiff
4. Ofc. Ted Delezene, 505 S. 15th Street, Omaha, NE (may call)
5. Detective Mickey Larson, 505 S. 15th Street, Omaha, NE (may call)

6. Detective Wendy Dye, 505 S. 15th Street, Omaha, NE (may call)
7. Any individuals that may be needed for impeachment

It is understood that, except upon a showing of good cause, no witness whose name and address does not appear herein shall be permitted to testify over objection for any purpose except impeachment. A witness whose only testimony is intended to establish foundation for an exhibit for which foundation has not been waived shall not be permitted to testify for any other purpose, over objection, unless such witness has been disclosed pursuant to Federal Rule of Civil Procedure 26(a)(3). A witness appearing on any party's witness list may be called by any other party.

**(E) Expert Witnesses' Qualifications.** Experts to be called by plaintiff and their qualifications are: None.

Experts to be called by defendant and their qualifications are: None

**(F) Voir Dire.** Counsel have reviewed Federal Rule of Civil Procedure 47(a) and NECivR 47.2(a) and suggest the following with regard to the conduct of juror examination:

Both Court and attorneys conduct voir dire.

**(G) Number of Jurors.** Counsel have reviewed Federal Rule of Civil Procedure 48 and NECivR 48.1 and suggest that this matter be tried to a jury composed of 12 members.

**(H) Verdict.** The parties will not stipulate to a less-than-unanimous verdict.

4

**(I)** **Briefs, Instructions, and Proposed Findings.** Counsel have reviewed NECivR 39.2(a), 51.1(a), and 52.1, and suggest the following schedule for filing trial briefs, proposed jury instructions, and proposed findings of fact, as applicable:

Trial briefs and proposed jury instructions shall be filed on December 11, 2017.

**(J)** **Length of Trial.** Counsel estimate the length of trial will consume not less than 1.5 days, not more than 3 days, and probably about 2 days.

**(K)** **Trial Date.** Trial is set for December 19 - 22, 2017.

s/William Harris
Judith Wells #23090
1603 Farnam St.
Omaha, NE 68102
(402)884-2777
Jawells50@aol.com
William Harris #22996
9205 Meadow Dr.
Omaha, NE 68114
(402)208-4336
Harrisx5@cox.net
Counsel for Plaintiff

s/Michelle Peters
Michelle Peters #20021
Deputy City Attorney
1819 Farnam Street, #804
Omaha, NE 68183
(402)444-5115
michelle.peters@cityofomaha.org
Counsel for Defendant

BY THE COURT:

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DEANDRE CRITTENDEN, ) Case No. 8:15CV427
)
        Plaintiff, )
) **JOINT LIST OF EXHIBITS**
v. )
)
PAUL HASIAK, )
)
        Defendant. )
)
)

Courtroom Deputy:

Court Reporter:

Trial Dates: _____

| Exhibit No. PLF | Exhibit No. DEF | DESCRIPTION | OFF | OBJ | RECD | NOT RECD | DATE |
|---|---|---|---|---|---|---|---|
| 1 | | Complaint in Case No. 8:11cv126 | | H,R,F,O | | | |
| 2 | | Judgment in Case No. 8:11cv126 | | H,R,F,O | | | |
| | 100 | Plaintiff's Complaint | | | X | | |
| | 101 | Plaintiff's .45 caliber gun | | | X | | |
| | 102 | Map of area (probably demonstrative only) | | | X | | |
| | 103 | Photograph of gun in snow (distance) | | | X | | |
| | 104 | Photograph of gun in snow (close up) | | | X | | |
| | 105 | Photograph of shooting scene from (from street) | | | X | | |
| | 106 | Photograph of shooting scene (midrange) | | | X | | |
| | 107 | Photograph of shoot scene w/ blood | | | X | | |
| | 108 | Photograph of back yard of shooting scene | | | X | | |

O- Objections based on Rules 403 and 404; See Motion in Limine

1

**OBJECTIONS**
R: Relevancy
H: Hearsay
A: Authenticity
O: Other (specify)